IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Fabiree Robinson, et al.,                          Case No.1:10hc60114

         Plaintiffs

         v.                                         ORDER

Baxter Healthcare Corp., et al.,

         Defendants

        This is a products liability and medical malpractice case. Plaintiffs Fabiree Robinson, Cassandra Robinson, Deanna Brooks and Leonard Runnels sued defendants Baxter Healthcare Corp., Baxter International, Inc., Scientific Protein Laboratories, Inc., Changzhou SPL Co. Ltd., American Capital, Ltd., B. Braun Medical, Inc., Tyco Healthcare Group, LP, Covidien, Inc., Medefil, Inc., Renal Treatment Centers-Southeast, LP (Renal Center), and Davita, Inc. (Davita). Plaintiffs bring suit for Lloyd James Robinson's injuries and death, allegedly caused by ingestion of unsafely-tainted Heparin, a drug manufactured and sold by Baxter.

        Jurisdiction is proper under 28 U.S.C. § 1332.

        Pending is Renal Center and Davita's [hereinafter "defendants"] motion to dismiss. [Doc. 53]. For the reasons discussed below, the motion shall be denied.

**Background**

The facts relevant to the pending motion are undisputed: Plaintiffs filed the instant suit on December 30, 2009, but did not serve defendants with an expert report on or before April 30, 2010.

**Standard of Review**

A claim survives a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, U.S. , , 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**Discussion**

Defendants contend that plaintiffs' case must be dismissed because plaintiffs failed to serve defendants with an expert report as required by Texas law.

Plaintiffs respond that the Texas law defendants cite does not apply to claims in federal court. Plaintiffs do not dispute that they did not file the report, or that their case is a "health care liability claim"[1] under Texas law.

Under Tex. Civ. Prac. and Rem. Code § 74.351(a), a plaintiff asserting a "health care liability claim" must serve a good faith expert report critical of defendants' care or treatment within 120 days of the original complaint.

---

[1] A "health care liability claim" is a cause of action against a health care provider for "treatment, lack of treatment, or other claimed departure from accepted standards of medical care of health care or safety which proximately results in injury to or death of the patient, whether the patient's claim or cause of action sounds in tort or contract." Tex. Civ. Prac. & Rem. Code § 74.001(a)(13).

If a plaintiff fails to provide such expert report within 120 days, the court "shall", on motion, "dismiss[] the claim . . . with prejudice" and "award[] . . . reasonable attorney's fees and costs of court incurred." *Id.* § 74.351(b)(1)-(2).

## I. *Erie* Analysis Generally

Under the *Erie* doctrine, when a plaintiff asserts a state law claim in federal court, courts generally apply state substantive laws and federal procedural laws. *E.g.*, *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (discussing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).

The Supreme Court has established principles for determining whether to apply a state law in an action brought in federal court under diversity of citizenship jurisdiction.

First, absent a conflicting state procedure, an applicable federal rule controls. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 747 (1980); *Hanna*, *supra*, 380 U.S. at 465 (1965).

Second, where there is a "direct collision" between the federal rule and state law, the federal rule applies if it is within the scope of the Rules Enabling Act, 28 U.S.C. § 2072, and the Constitution.[2] *Walker*, *supra*, 446 U.S. at 748-50; *Hanna*, *supra*, 380 U.S. at 470-72; *see also Burlington N. R.R.*, *supra*, 480 U.S. at 4-5 (noting that if there is a "direct collision" between a federal rule and a state law, there is "no room for the operation of [the state law]").

For a "direct collision" to exist, the "federal law and state law [need not] be perfectly coextensive and equally applicable to the issue at hand." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 n.4 (1988). Instead, "the federal statute [need only] be sufficiently broad to cover the point in dispute." *Id.* I should not narrowly construe the federal rules to avoid a "direct collision," but

---

[2] Defendant has not argued that any of the Federal Rules of Civil Procedure at issue here are not within the scope of the Rules Enabling Act. *See Burlington N. R.R. v. Woods*, 480 U.S. 1, 6 (1987) (noting that the Fed R. Civ. P. are given "presumptive validity under both the constitutional and statutory constraints").

should give them their plain meaning. *Walker*, *supra*, 446 U.S. at 750 n.9. I ask whether the federal rule "occupies [a state rule's] field of operation." *Burlington N. R.R.*, *supra*, 480 U.S. at 7.

Third, absent a "direct collision" between the state law and a federal rule, I undertake an *Erie* analysis. *Walker*, *supra*, 446 U.S. at 749-50. The *Erie* analysis requires I ask whether the rule is "outcome determinative" – that is, "[d]oes it significantly affect the result of a litigation for a federal court to disregard a law of a state that would be controlling in an action upon the same claim by the same parties in a State court?" *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427-28 (1996) (citing *Guar. Trust Co. v. York*, 326 U.S. 99, 109 (1945)).

Defendants argue that this case presents the third situation – no "direct collision" – and thus Texas law must apply. Plaintiffs, on the other hand, contend that this case presents the second situation – a "direct collision" between state and federal law – and thus federal law controls.

## II. "Direct Collision" Between § 74.351 and Fed. R. Civ. P.

The majority of district courts in Texas to consider this issue have concluded that the Texas statute[3] does not apply in federal court. *See, e.g.*, *Garcia v. LCS Corr. Servs., Inc.*, 2010 WL 2163284, *5 (S.D. Tex.) ("Upon review of the relevant case law, this court cannot overlook that the vast majority of district courts have held that the expert report requirement does not apply in federal court."); *Sauceda v. Pfizer*, 2007 WL 87660, *2 (S.D. Tex.) ("All but one court that has analyzed the issue has found that the expert report requirement of 74.351 does not apply in federal court." (internal citation and quotation omitted)).[4]

---

[3] Some of these cases addressed the precursor to § 74.351 – section 13.01 of article 4590i of the Texas Civil Code – which contained a similar, but slightly different, expert report requirement. *See, e.g.*, *Poindexter v. Bonsukan*, 145 F. Supp. 2d 800, 802 (E.D. Tex. 2001).

[4] Numerous other Texas district courts have held similarly. *See Mason v. U.S.*, 486 F. Supp. 2d 621, 625 (W.D. Tex. 2007); *Garza v. Scott & White Mem'l Hosp.*, 234 F.R.D. 617, 623 (W.D.

4

Courts have concluded that § 74.351 does not apply because the statute conflicts with Fed. R. Civ. P. 26 and 37. As one district court explained:

> The reasoning behind the majority view is that section 74.351 is in direct conflict with Fed[.] R[.] Civ[.] P[.] ("FRCP") 26 and 37. FRCP 26 provides disclosure requirements for experts as well as the requirements for expert reports in federal court. Fed.R.Civ.P. 26(a)(2). The rule gives a court discretion to set the time when the expert report is due and states the report is due ninety days before trial if the court does not set a particular date. Fed.R.Civ.P. 26(a)(2)(C). FRCP 37 sets forth sanctions available for failure to comply with Rule 26. Fed.R.Civ.P. 37(c). These sanctions include dismissal with prejudice, but also allow the court to impose lesser sanctions based on the facts of the case. *See id.* Section 74.351 requires the plaintiff to submit its expert report within 180 days and provides for the sole sanction of dismissal with prejudice for failure to timely file the expert report. [] § 74.351. The leading case followed by most of our sister courts, *Poindexter*, notes these rigid requirements in section 74.351 abrogate the discretion given to the Court in FRCP 26 and 37 and must therefore yield to the Federal Rules. 145 F.Supp.2d at 808.

*Beam*, *supra*, 2006 WL 2844907, *2.

The courts' reasoning is thus that the mandatory language of § 74.351 strips federal courts of the discretion granted in Rules 26 and 37. *See Poindexter*, *supra*, 145 F. Supp. 2d at 808 ("[T]he mandatory timing, report content, and sanction provisions of section 13.01 abrogate the discretion provided by Rule 26(a)(2) and 37. Applying [the statute] would so impinge on the broad procedural powers of the federal district courts to control discovery that it must yield to the federal scheme.").

---

Tex. 2005); *Poindexter*, *supra*, 145 F. Supp. 2d at 808-10; *Milligan v. Nueces County*, 2010 WL 2352060, *3 (S.D. Tex.); *Garcia*, *supra*, 2010 WL 2163284, *5; *Guzman v. Mem'l Hermann Hosp. Sys.*, 2008 WL 5273713, *15 (S.D. Tex.); *Castenada v. Aetna Health, Inc.*, 2008 WL 1994936, *4 (E.D. Tex.); *Toler v. Sunrise Senior Living Servs., Inc.*, 2007 WL 869581 (W.D. Tex. 2007); *Hall v. Trisun*, 2006 WL 2329418, *1 (W.D. Tex.) (adopting magistrate's report and recommendation, 2006 WL 1788192 (W.D. Tex.)); *Hawkins v. Wadley Reg'l Med. Ctr.*, 2006 WL 5111117, *1 (E.D. Tex.); *Beam v. Nixon Health Mgmt., Inc.*, 2006 WL 2844907, *2-3 (E.D. Tex.); *Brown v. Brooks County Detention Ctr.*, 2005 WL 1515466, *2 (S.D. Tex.); *Nelson v. Myrick*, 2005 WL 723459, *3-4 (N.D. Tex.); *Redden v. Senior Living Props.*, 2004 WL 1932861, *3 (N.D. Tex.); *McDaniel v. U.S.*, 2004 WL 2616305, *6-9 (W.D. Tex.).

A district court in Louisiana applying Texas law also adopted the majority approach. *Basco v. Spiegel*, 2009 WL 3055319, *1 (W.D. La.); *Basco v. Spielgel*, 2009 WL 3149157, *1 (W.D. La.).

Rule 26(a)(2)(C) provides for expert report disclosures to "be made at times and in the sequence that the court orders," but not later than ninety days before the trial date.

Rule 37(c)(1), the discovery sanction rule, similarly grants discretion by providing that a court – in addition to or in lieu of excluding expert evidence that does not comply with the federal rules – "may impose other appropriate sanctions."

Section 74.351, by contrast, "*mandates* that the claimant make his expert report disclosure within 120 days of filing suit, and if he fails to do so, the statute *mandates* that the court dismiss the case with prejudice and award the defendants attorneys fees." *Nelson v. Myrick*, 2005 WL 723459, *3 (N.D. Tex.) (citing § 74.351(b)(1)-(2)).[5]

The court in *Mason*, *supra*, 486 F. Supp. 2d at 625, summarized several additional conflicts between the Federal Rules and § 74.351:

> For example, in *Garza*, Judge Sparks cited four reasons why the new § 74.351 is in direct collision with the Federal Rules and thereby does not apply in federal court: (1) the mandatory sanction schemes imposed by § 74.351 completely remove the court's discretion with respect to the imposition of Rule 11 sanctions for filing frivolous claims; (2) although former section 13.01 made expert reports unavailable for use at trial, depositions, or other proceedings, § 74.351 removes these restrictions as soon as the plaintiff makes an affirmative use of the report; (3) § 74.351's requirement that discovery be stayed until the plaintiff's expert reports have been filed is in "direct and unambiguous conflict with the federal rules, which plainly tie the opening of discovery to the timing of the Rule 26(f) conference;" and (4) one of the purposes of § 74.351-namely the provision of notice to defendants-invades the province of Rule 26, which is also designed to provide notice to defendants. *Garza*, 234 F.R.D. at 623.

Defendants, however, urge me to follow *Cruz v. Chang*, 400 F. Supp. 2d 906, 914-15 (W.D. Tex. 2005), the sole district court decision directly holding that the previous version of the Texas

---

[5] Subsection § 74.351§ also conflicts with Rule 26 in that it requires a stay of much of discovery until the expert report is filed. *Beam*, *supra*, 2006 WL 2844907, *2.

6

statute applies in federal court.[6] The court in *Cruz* disagreed with the court in *Poindexter*'s conclusion that the expert report requirement conflicts with federal law. The court first noted that there could be no collision between the laws because the Texas law "is irrelevant to claim discovery [,] whereas Rule 26 defines discovery." *Id.* at 913. In so holding, the court relied heavily on the fact that the Texas statute provided that an expert report filed in accordance with that law could not be used at trial. *Id.*

The court in *Cruz* then proceeded to conduct an *Erie* analysis and concluded that the expert report requirement was substantive and thus must be applied by federal courts. *Id.* at 914-15.

*Cruz*, however, has been rejected and distinguished by several Texas district courts. *E.g.*, *Garza*, *supra*, 234 F.R.D. at 623; *Beam*, *supra*, 2006 WL 2844907, *2 ("Notably, every post-*Cruz* case dealing with this issue has sided with *Poindexter*.").

First, these courts note that "*Cruz* entirely ignored *Poindexter*'s analysis of the competing state and federal policies with respect to deterrence of federal claims." *Garza*, *supra*, 239 F.R.D. at 622-23. The court in *Garza* explained that even if there were no conflict between § 74.351 and Rules 26 and 37, "[t]he mandatory sanctions scheme created by § 74.351 would completely remove the Court's discretion with respect to the imposition of sanctions for the filing of frivolous claims – discretion which is vested under Rule 11 of the Federal Rules of Civil Procedure." *Id.* at 623.

---

[6] A few district courts in Texas have applied the § 74.351(a) requirement with no discussion of *Erie*. *E.g.*, *Estate of Henson v. Wichita County*, 652 F. Supp. 2d 730, 748 (N.D. Tex. 2009); *Wicks v. Parkland Hosp.*, 2009 WL 3363764, *3 (N.D. Tex); *Cannon v. Reynolds*, 2006 WL 696664, *2 (S.D. Tex.). Presumably, in those cases, that parties did not dispute whether the statute applied.

In *Chapman v. U.S.*, 353 F. App'x 911, 913 (5th Cir. 2009) (unpublished disposition) – a lawsuit by a prisoner under the Federal Tort Claims Act – the Fifth Circuit affirmed a district court's grant of summary judgment to the government on grounds that the plaintiff could not raise a fact issue as to proximate causation. The court then noted in dicta that the court also properly dismissed because the plaintiff failed to comply with § 74.3519(a). *Id.* Notably absent, however, is any discussion of whether § 74.351 applies in federal court.

7

Second, *Cruz* relied on an earlier version of the statute that prevented use of the disclosed expert report. Under the later amended statute, however, "the expert reports may be used in discovery." *Nelson v. Myrick*, 2005 WL 723459, *3 n.2. It is thus "simply inaccurate to characterize § 74.351 as 'irrelevant' to discovery" as *Cruz* did. *Garza*, *supra*, 234 F.R.D. at 623; *see also Beam*, *supra*, 2006 WL 2844907, *2.[7]

Third, the court in *Cruz* focused on one purpose of the Texas expert report requirement – its use as a preliminary merits review – but ignored the other – notification to defendants. *See Garza*, *supra*, 234 F.R.D. at 623 ("[T]he Texas Supreme Court plainly considers notification of defendants of the specific conduct at issue in suits against them to be another significant function of the reports. In this respect, § 74.351 plainly trenches on the province of the discovery available under Rule 26."); *see also Am. Transitional Care Ctrs. of Tex. v. Palacios*, 46 S.W.3d 873, 879 (Tex. 2001) (noting that the Texas legislature enacted the expert report requirement to: 1) "inform the defendants of the specific conduct the plaintiff has called into question"; and 2) "deter frivolous claims by providing the trial court with an opportunity to make an initial determination about whether a particular claim has merit").

I find the reasoning of the majority rule persuasive and find that there is a collision between § 74.351 and the federal rules. The federal rules thus govern, *see Burlington N. R.R.*, *supra*, 480 U.S.

---

[7] Indeed, Judge Cardone – the author of the *Cruz* opinion – later issued *Mason*, *supra*, 486 F. Supp. 2d at 625, in which she concluded that: "[i]n light of the recent change in law and the persuasive reasons provided by every district court in Texas to consider the issue, the Court holds that § 74.351 does not apply in federal court." *See Castenada*, *supra*, 2008 WL 19949936, *3 (pointing out that Judge Cardone had, after *Cruz*, "readapted [the] analysis and found Section 74.351 inapplicable in federal court").

8

at 4-5, and the expert report requirement of § 74.351 is inapplicable in this court.[8] As such, I deny defendants' motion to dismiss.[9]

**Conclusion**

It is, therefore,

ORDERED THAT defendants' motion to dismiss [Doc. 53] be, and the same hereby is denied.

---

[8] Defendants also argue that there can be no direct collision between the two statutes because the federal rules permit modification by the trial judge. The fact that Rule 26 provides that a federal court *may* modify the disclosure and discovery rules to allow for changes in timing and form does not mean that a federal court *must* do so in the face of a conflicting state rule. As discussed above, it is – in part – precisely this distinction between discretionary and mandatory action that leads to the conflict between the two rules. The court in *Poindexter*, *supra*, 145 F. Supp. 2d at 809, explained: "The problem is that the rules cannot operate simultaneously without one being subordinated to the other."

Finally, defendants argue that § 74.351 is a substantive rule and thus must be applied in federal court. Some Texas district courts have explicitly stated that § 74.351 is a procedural rule. *See, e.g.*, *Toler*, *supra*, 2007 WL 869581, *4. As others have recognized, however, even if Section 74.351 is considered to be a substantive rule, if a federal rule governs the matter at issue, and that rule is "sufficiently broad to create a direct collision with the relevant provision of state law, federal law preempts the operation of state law." *Garza*, *supra*, 234 F.R.D. at 621 (citing *Burlington N. R.R.*, *supra*, 480 U.S. at 4); *see also Sauceda*, *supra*, 2007 WL 87660, *1.

[9] Defendants also move for attorneys' fees under § 74.351(b)(1). As I have determined that § 74.351 does not apply in this court, I also deny that motion. Indeed, the failure of defendants' briefing to acknowledge, discuss and distinguish in any meaningful way the great phalanx of cases arrayed against their position might make them vulnerable to an award of fees and costs to plaintiffs. I decline, in this instance to invite or entertain such motion, trusting that defendants' briefing with regard to issues and motions arising in the future shall discuss *all* pertinent legal authority, both pro *and con*.

So ordered.

s/James G. Carr<br>
U.S. District Judge